Jesus **MARTINEZ**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–91–142–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 5, 1992.

Discretionary Review Refused
May 20, 1992.

Frank Coffey (Appointed on appeal only), Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Chief of Appellate Section, Lynn Allison, Susannah Touzel, Tim Bednarz, Asst. Dist. Attys., Fort Worth, for appellee.

Before HILL, MEYERS and DAY, JJ.

## OPINION

HILL, Justice.

Jesus Martinez appeals his conviction by a jury for the offense of driving while intoxicated. The court assessed his punishment at ninety days in the Tarrant County jail, probated for twenty-four months, and a fine of $300.00. Martinez contends in two points of error that the trial court erred in overruling his objection to two of the State's peremptory challenges because the challenges were racially discriminatory as prohibited by TEX.CODE CRIM.PROC. ANN. art. 35.261 (Vernon 1989).

We reverse the judgment and remand for trial because the prosecutor's first explanation for striking a Hispanic veniremember was not a legitimate one, and because the record reflects that any determination by the trial court that the prosecutor's stated reasons were not a pretext, but that her strikes were exercised for race-neutral reasons, was clearly erroneous.

Martinez contends in point of error number one that the trial court erred by overruling his objection, based upon article 35.-261 of the Texas Code of Criminal Procedure, to the State's use of a peremptory challenge against a Hispanic venireman. Without making a finding that Martinez had made a prima facie case of discrimination based upon race, the trial court asked for a response from the prosecutor, who stated that she struck the juror because of his attitudes toward intoxication and his views on the validity of an intoxilyzer test.

During voir dire, counsel for Martinez explained to the members of the venire that mere drinking prior to driving did not constitute a crime unless the blood alcohol content was raised to a certain level or that one lost the normal use of one's physical or mental faculties. He then asked the Hispanic veniremember, "So I guess Mr. Hernandez, does that make sense to you that you can have a drink or several drinks, get in a car and drive and not commit a crime?" Mr. Hernandez responded, "Yes, I understand what you're saying."

As we previously indicated, the prosecutor also stated that she struck the Hispanic veniremember because of his views on the validity of the intoxilyzer test. Our record does not reflect that the Hispanic veniremember expressed any views on the validity of the intoxilyzer test. The record does show that an unidentified member of the venire stated that his cousin, who was a police officer in Dallas, told him that he believed more in the blood test than the

breathalyzer test. However, that member of the panel was not asked about his views of the intoxilyzer test.

We must determine whether the trial court's ruling overruling Martinez's motion brought in accordance with article 35.261 of the Texas Code of Criminal Procedure was clearly erroneous. *Williams v. State,* 804 S.W.2d 95, 101 (Tex.Crim.App.), *cert. denied,* — U.S. ——, 111 S.Ct. 2875, 115 L.Ed.2d 1038 (1991). Although we believe that it is preferable to do so, the trial court did not make findings of fact and conclusions of law at the conclusion of the proceeding regarding article 35.261. We will assume, for the purposes of this discussion, that the trial court found the reasons stated by the prosecutor to be credible and not a pretext, thereby determining that she did not exercise this peremptory strike on the basis of race. Since the trial judge's finding in this type of proceeding usually turns on an evaluation of credibility, we will ordinarily give the findings great deference. *Id.* at 106, quoting *United States v. Mathews,* 803 F.2d 325, 330 (7th Cir.1986).

■ As part of our analysis of whether the trial court's findings are clearly erroneous, we may consider whether the findings are supported by the record. *Williams,* 804 S.W.2d at 101. We may also consider certain factors, the presence of any one of which tends to show that the State's reasons are not actually supported by the record or are an impermissible pretext. These factors are:

1. The reason given for the peremptory challenge is not related to the facts of the case;

2. There was a lack of questioning to the challenged juror or a lack of meaningful questions;

3. Disparate treatment—persons with the same or similar characteristics as the challenged juror were not struck;

4. Disparate examination of members of the venire, *i.e.,* questioning a challenged juror so as to evoke a certain response without asking the same question of other panel members; and

5. An explanation based on a group bias where the group trait is not shown to apply to the challenged juror specifically. *Williams v. State,* 804 S.W.2d at 106; *Whitsey v. State,* 796 S.W.2d 707, 713–14 (Tex.Crim.App.1989).

■ We also note that the prosecutor's reason must be a "legitimate reason." *Batson v. Kentucky,* 476 U.S. 79, 99 n. 20, 106 S.Ct. 1712, 1724 n. 20, 90 L.Ed.2d 69 (1986); *Whitsey,* 796 S.W.2d at 713. We understand this to mean that it must be a nonracial reason that a rational prosecutor might in good faith wish to use as a peremptory challenge.

As we have noted, the prosecutor first stated that she wished to challenge the Hispanic veniremember because of his views on intoxication. The only views expressed by the veniremember in effect were that the D.W.I. law made sense and he understood it. We do not consider that a peremptory challenge based upon a juror's response to the effect that he understands or agrees with the applicable law in the case is a legitimate reason for peremptory challenge as required by *Batson* and article 35.261 of the Texas Code of Criminal Procedure. Additionally, we may presume that the non-Hispanic jurors who were not challenged also understood and were in agreement with the D.W.I. law. We would also point out that the State did not ask the venireman any questions concerning his views about intoxication.

Also, as we have noted, the prosecutor told the court that she struck the veniremember because of his opinion on the validity of the intoxilyzer test. The record reflects that the veniremember never expressed an opinion as to the validity of the intoxilyzer test. On this appeal, the State refers us to an unidentified member of the venire who related that his cousin, a Dallas police officer, told him that he believed more in the blood test than the intoxilyzer test. However, even the unidentified member of the venire was not asked, nor did he testify, concerning his opinion as to the validity of the intoxilyzer test.

We note that nothing the Hispanic veniremember said about intoxication or

the intoxilyzer test, even if we conclude that the Hispanic veniremember was the unidentified veniremember in the record who testified concerning his cousin's view of the intoxilyzer, would suggest that the veniremember was hostile to the State. *See Hill v. State*, No. 347–90, slip op. at 16, 1992 WL 1133 (Tex.Crim.App. January 8, 1992) (reh'g pending). Although the opinion in *Hill* is not yet final, we agree with the reasoning expressed therein. Given the facts before us and the nature of the prosecutor's explanation, we hold that the trial court's implied conclusion that the peremptory challenge was not a pretext but was exercised for race-neutral reasons is clearly erroneous, because it is not supported by the record.

In a supplemental brief, the State contends that the prosecutor may have determined the veniremember's attitude and views by means of the way in which the veniremember answered the voir dire questions. It urges that the trial court was able to observe the demeanor of the veniremember when making its ruling on Martinez's objection. Consequently, the State argues, the trial judge had two possible inferences to make and we must give deference to the trial court's choice.

■ When the prosecution relies on the veniremember's attitude or demeanor, and the record of the voir dire reflects no hostility toward the State, the prosecutor's stated reason for the strike must specifically state the body language or nonverbal actions that led the prosecutor to believe that the venireman is biased against the State. *Id.* In *Hill*, the prosecutor stated as part of the reason that he was striking the veniremember that he did not like the way he responded to his questions, and he did not like his attitude or his demeanor. The court held that the prosecutor's reason was pretextual because the State had not stated specifically the body language or nonverbal action that showed hostility toward the State, and because the State's limited questioning of the veniremember revealed no hostility toward the State. *Id.* In the case at bar, the prosecutor made no reference to demeanor at all, much less state specifical-

ly the body language or nonverbal action that she might have been relying on in making the strike. Also, as in *Hill*, the prosecutor's limited questioning showed no hostility toward the State.

The State relies on *Hernandez v. New York*, —— U.S. ——, —— – ——, 111 S.Ct. 1859, 1871–72, 114 L.Ed.2d 395, 413–14 (1991). We note that in *Hernandez* the prosecutor stated his reason for striking certain Hispanic or Latino veniremembers very specifically, giving in detail the body language or nonverbal action that he relied upon. As we have noted, the prosecutor in this case did not even indicate that there was a problem with the veniremember's demeanor. We sustain point of error number one.

■ Martinez urges in point of error number two that the trial court erred by overruling his objection under article 35.-261 to the State's peremptory challenge of a black veniremember.

In the face of Martinez's objection, the prosecutor stated that she struck this venireman because of his responsiveness to her voir dire, the answers that he had to defense counsel's questions, and the possibility of a criminal record.

The record reflects that the State did not ask any questions of the black veniremember at all, except those questions that the State asked the panel as a whole. The State again refers us to the voir dire questions asked of certain unidentified members of the venire. We have examined the testimony of those anonymous members of the venire and find that nothing that any of them said would constitute any basis for a peremptory challenge. In response to questions asked by defense counsel, the venireman testified that he worked for an executive security firm as a guard for a private residence.

The record reflects that the veniremember, in his juror information sheet, indicated that either he, a member of his family, or close friend, had been charged with a crime. Martinez does not argue, nor does the record reflect, that nonminority veniremembers who answered this question affirmatively were not struck. We further

note that individual voir dire questioning by both the State and the defense was very limited. We hold that, considering the entire record, the trial court's implied findings and its overruling of Martinez's motion under article 35.261 as to this venireman were not clearly erroneous. We overrule point of error number two.

We reverse the judgment and remand for trial.