Sherby Lee **FLETCHER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–92–051–CR.

Court of Appeals of Texas, Corpus Christi.

Jan. 28, 1993.

Lawrence P. Gwin, Jr., Bay City, for appellant.

Daniel W. Shindler, Dist. Atty., Bay City, Jim Vollers, Austin, for State.

Before NYE, C.J., and KENNEDY and GILBERTO HINOJOSA, JJ.

## OPINION

KENNEDY, Justice.

A jury found appellant guilty of aggravated robbery. The trial court assessed punishment at ninety-nine years in prison. We affirm.

Appellant does not challenge the sufficiency of the evidence. Therefore, we will address the facts only when necessary. In his first point, appellant complains that the trial court denied him a hearing on his *Batson* objection.[1] Appellant asserts that he is entitled to an abatement of this appeal for an evidentiary hearing to resolve his *Batson* complaint. We disagree. The Code of Criminal Procedure sets forth the procedure to be followed when a defendant alleges that the State's use of peremptory challenges was based on race. *See* Tex. Code Crim.Proc.Ann. art. 35.261(a) (Vernon 1989). This section provides:

> After the parties have delivered their lists to the clerk under Article 35.26 of this code and before the court has impanelled the jury, the defendant may request the court to dismiss the array and call a new array in the case. The court shall

---

1. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

grant the motion of a defendant for dismissal of the array if the court determines that the defendant is a member of an identifiable racial group, that the attorney representing the state exercised peremptory challenges for the purpose of excluding persons from the jury on the basis of their race, and that the defendant has offered evidence of relevant facts that tend to show that challenges made by the attorney representing the state were made for reasons based on race. . If the defendant establishes a prima facie case, the burden then shifts to the attorney representing the state to give a racially neutral explanation for the challenges. The burden of persuasion remains with the defendant to establish purposeful discrimination.

Appellant timely objected that the prosecutor used a peremptory strike to remove venireman Alphonse Revis on the basis of race, noting that the prosecutor had failed to ask Revis any specific question. Appellant noted Revis was the only black venireman. When appellant concluded his objection, the prosecutor stated:

> He was not struck because he is black. That had absolutely nothing to do with the striking. I was concerned about him because he had put on the jury information slip that he was an accused, a witness, or a claimant in a criminal case. Then he put "yes" on the jury information slip and then he changed his mind or apparently wasn't asked specifically enough about whether he was a defendant, and I was informed by my investigator who checked the facts with the sheriff's department that we had previously had a case against him for possession of a controlled substance, and I didn't want to take a risk of the fact that that would interfere with the argument by the prosecutor, since he apparently had a charge against him that was later dismissed.

The trial court then "denied" appellant's objection. Appellant did not respond, and the jury was sworn. The State argues that appellant was not denied a hearing but simply failed to offer any evidence or cross-examine the prosecutor concerning the use of the peremptory challenge. We agree.

■ At the outset, we point out that after appellant objected, the prosecutor properly offered a race-neutral explanation. As the State's conduct in striking the only black venireman is prima facie evidence of a discriminatory use, *see Salazar v. State*, 818 S.W.2d 405, 407 (Tex.Crim.App.1991), the State was required to offer a race-neutral explanation. The State's explanation that Revis previously had a case against him for possessing a controlled substance is race-neutral. *See Vargas v. State*, 838 S.W.2d 552, 555 (Tex.Crim.App. 1992); *Martinez v. State*, 824 S.W.2d 724, 727–28 (Tex.App.—Fort Worth, 1992, pet. ref'd). The State thus met its burden in coming forward with a race-neutral explanation.

■ Appellant, however, in response to the State's explanation did not offer any evidence or question the prosecutor. Nor did appellant even ask the trial court to accept any additional evidence or allow questioning of the prosecutor. Under these circumstances, we find that the trial court did not deny appellant a hearing. Appellant's first point is overruled.

■ In his second point, appellant contends that the prosecutor's explanation did not constitute evidence sufficient to support a racially neutral explanation. Appellant asserts that the prosecutor's explanation was hearsay. While that, of course, is true, appellant never objected to the explanation. Hearsay admitted without objection has probative value. Tex.R.Crim.Evid. 802. Under the circumstances, the trial court's ruling is supported by probative evidence. Applying the "clearly erroneous" standard, as we are required to do, *see Williams v. State*, 804 S.W.2d 95, 101 (Tex.Crim.App.1991), we find no error. Appellant's second point is overruled.

■ In his third point, appellant contends that the trial court erred by failing to record a bench conference during which he allegedly objected to impermissible identification procedures. In *Phillips v. State*, 701 S.W.2d 875, 894 (Tex.Crim.App.1985),

the Court reiterated its position that a defendant fails to show reversible error if he did not object at trial when a bench conference is not held within the hearing of, or recorded by, the reporter. *See Walthall v. State*, 594 S.W.2d 74, 81 (Tex.Crim.App. 1980); *Gruber v. State*, 812 S.W.2d 368, 371–72 (Tex.App.—Corpus Christi 1991, pet. ref'd). Appellant's third point of error is overruled.

■ In point four, appellant contends that the trial court overruled his objection made during the unrecorded bench conference. The State asserts that it is impossible to determine from the record what objection appellant presented. It further argues that if appellant was objecting to the testifying witness' in-court identification, then the trial court properly overruled the objection as no evidence had been introduced at that time to substantiate any complaint about impermissible identification procedures. We agree with the State. Error may not be predicated upon a ruling which admits evidence unless a timely objection appears of record, stating the specific ground of objection. Tex.R.Crim.Evid. 103(a)(1). As no specific objection appears of record, we overrule appellant's fourth point.

In his fifth point of error, appellant contends that the trial court erred by not locating the instruction regarding "reasonable doubt" in the opening section of the court's charge. The charge submitted to the jury located the "reasonable doubt" instruction following the authorization paragraph.

The "reasonable doubt" instruction was mandated by *Geesa v. State*, 820 S.W.2d 154, 162 (Tex.Crim.App.1991). *Geesa*, while mandating that the instruction be given, did not instruct trial courts to locate the instruction in any specific place within the charge.

■ Typically, an appellate court must examine the charge as a whole, and the review will not be limited to any part standing alone. *See Inman v. State*, 650 S.W.2d 417, 419 (Tex.Crim.App.1983). Appellant contends that the charge was calculated to injure his rights, as the charge authorized the jury to find appellant guilty before it instructed the jury on the definition of reasonable doubt. Appellant's approach, we believe, conflicts with the requirement that we review the charge as a whole. Furthermore, taken to its logical extension, appellant's approach would virtually require that every charge terminate with the authorization paragraph. In other words, every definition or instruction would have to precede the authorization paragraph. We know of no requirement that a charge must be so constructed. We also note that the entire charge was read to the jury before it began its deliberations. Thus, applying appellant's sequential logic but extending it beyond the charge itself, the jury was indeed instructed on the law of "reasonable doubt" before it deliberated. We find no error in the trial court's charge.

■ The State argues that, even if the trial court erroneously constructed the charge, the error would not be reversible under the *Almanza* standard. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim. App.1985). *Almanza* requires that the error cause the defendant some actual, as opposed to theoretical, harm. *Id.* at 174. We agree with the State. We fail to see how the placement of the instruction caused appellant any actual harm. Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.