# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00264-CR

**George Thomas Craig, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
## NO. 007020, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING

A jury found appellant George Thomas Craig, Jr., guilty of two counts of sexual assault for which it assessed twenty years' imprisonment. *See* Tex. Pen. Code Ann. § 22.011 (West Supp. 2002). Appellant complains of racial prejudice in the State's use of its peremptory challenges, error in the admission of evidence at the punishment stage, and ineffective assistance of counsel. We will overrule these contentions and affirm.

The complainant was waiting for a bus at 11:00 p.m. when appellant stopped his car beside her and offered her a ride. The complainant, who had been drinking, accepted the offer. After the complainant was in appellant's car, he asked her if she wanted to smoke some crack cocaine. She said she did, and appellant drove to a commercial area and parked behind a closed building. The complainant and appellant drank beer and smoked crack. When the complainant got out of the car to urinate, appellant also got out and seized the complainant while her pants were at her ankles. Appellant then sexually assaulted her.

***Jury Selection***

In his first point of error, appellant accuses the State of racial discrimination in the use of its peremptory strikes. The State may not strike jury panelists in a purposefully and inappropriately discriminatory manner. Tex. Code Crim. Proc. Ann. art. 35.261 (West 1989); *Batson v. Kentucky*, 476 U.S. 79, 88-89 (1986). The analysis used to test a *Batson* challenge consists of three steps. First, the defendant must make a prima facie showing of relevant circumstances that raise an inference that the State made a race-based strike against an eligible panelist. *Mandujano v. State*, 966 S.W.2d 816, 818 (Tex. App.—Austin 1998, pet. ref'd). Next, if a prima facie case is made, the State must come forward with a race-neutral reason for the strike. *Id*. The prosecutor's explanation must be clear and reasonably specific, and must contain legitimate reasons for the strike related to the case being tried. *Id*. Finally, once the State offers a race-neutral explanation, the burden shifts back to the defendant to persuade the trial court that the State's purported reasons for its peremptory strike are mere pretext and are in fact racially motivated. *Id*.; *Lopez v. State*, 940 S.W.2d 388, 389-90 (Tex. App.—Austin 1997), *pet. ref'd*, 954 S.W.2d 774 (Tex. Crim. App. 1997) (McCormick, P.J., dissenting to refusal of State's petition); *see also Purkett v. Elem*, 514 U.S. 765, 767 (1995); *Hernandez v. New York*, 500 U.S. 352, 359-60 (1991).

After the parties made their peremptory strikes, appellant objected that the State had used a strike to exclude "the only juror left within the strike zone that was a black male" and asked that the panelist be placed on the jury in lieu of the last juror selected.[1] The court held that a prima

---

[1] The State argues that appellant failed to preserve error because he did not ask that the jury be dismissed and a new array called, as provided for in article 35.261. Tex. Code Crim. Proc. Ann. art. 35.261(b) (West 1989). The court of criminal appeals has held, however, that the remedy prescribed

facie case of racial discrimination had not been shown, but said it would allow the State to make a record of its reasons for striking the panelist. The prosecutor stated:

> Your Honor, the State exercised peremptory strikes against number five, number 10 and number 11 [the panelist in question] for the same reason in that during the defense voir dire, [counsel] asked the panel as a whole how many of them did not know whether or not the defendant was guilty, how many of them believed that he was, and how many of them believed that he was not.[2] Numbers five, 10 and 11, according to my notes, all indicated that they had an affirmative belief that the defendant was not guilty, despite the fact that they had not heard any evidence, and I noticed that number 11 was rather animated in nodding his head and indicating his belief in that regard.

> Prior to that, I had not had any concerns about number 11 or for that matter, number five, but when I observed their answers to that particular question, I felt that it was indicative of bias on their part in favor of the defendant.

---

by article 35.261 is not exclusive and that a trial court is authorized to remedy a *Batson* error by reinstating the excluded venire member to the trial jury. *State ex rel. Curry v. Bowman*, 885 S.W.2d 421, 425 (Tex. Crim. App. 1993). In the cases cited by the State, the defendants' *Batson* objections were sustained and the jurors were reinstated without further objection; the courts of appeals held that under the circumstances the defendants could not complain that a new jury should have been empaneled. *See Johnson v. State*, 879 S.W.2d 313, 317 (Tex. App.—Amarillo 1994, no pet.); *Tims v. State*, 779 S.W.2d 517, 518 (Tex. App.—Beaumont 1989, no pet.). Here, the district court overruled appellant's *Batson* objection. We hold that appellant preserved the alleged error.

[2] During his questioning of the jury panel, defense counsel asked:

> If I was going to ask you-all as a group as my client sits here if he is guilty, not guilty, or I don't know, I haven't heard any evidence, how many of you would say I don't know?
> Okay. How may of you-all would say not guilty? Okay. I was looking for you. How many of you would say guilty?

Counsel went on to explain that appellant was presumed innocent and that "the correct answer is that you raise your hand and say he is innocent only until the State carries their burden, and it is a heavy burden to prove each element beyond a reasonable doubt."

Defense counsel responded that he had been questioning the panelists regarding the presumption of innocence and that the panelist "was correctly stating the law. I think it is absolutely improper to challenge him for cause [sic] because he is stating the law properly, he was stating that he was presumed innocent." After further exchanges between counsel and the court, the prosecutor clarified the reasoning underlying the strike:

> [I]t [defense counsel's questioning] wasn't phrased to where it was apparent to me at the time that it was a question about the law. It was phrased as if it was a question about – designed to determine whether or not they had a present belief as to the defendant's guilt or innocence, and at the time I assumed that one of [counsel's] concerns was determining whether or not there were people that actually thought the defendant was guilty, despite having heard no evidence. That was one of the things that was asked, and so I – I don't believe that it was phrased in such a way that it was apparent to the panel as a whole that he was inquiring about their understanding of the law. It was phrased as if he was inquiring about whether or not they had a present belief as to the defendant's guilt or innocence, a belief as to guilt or innocence in fact versus as a matter of law.

The court then ruled, "I agree with that. I think that is – that is the way it was asked. It wasn't asked as a statement of the law, and I agree with that and I cannot sit here – and I find the prosecutor's explanation credible and I don't believe it was racially based."

When the State offers an explanation for the contested strike and the trial court rules on the ultimate question of intentional discrimination, it is the explanation and not the prima facie showing that we review on appeal. *Malone v. State*, 919 S.W.2d 410, 412 (Tex. Crim. App. 1996). We review the court's decision for "clear error." *Lopez*, 940 S.W.2d at 390 (citing *Hernandez*, 500 U.S. at 364-65). To conclude that the trial court's decision was clearly erroneous, we must have a "definite and firm conviction that a mistake has been committed" after reviewing all of the evidence

4

in the light most favorable to the ruling. *Vargas v. State*, 838 S.W.2d 552, 554 (Tex. Crim. App. 1992). If we cannot say that the trial court's ruling was clearly erroneous, we must uphold the ruling even if we would have weighed the evidence differently as the trier of fact. *Lopez*, 940 S.W.2d at 390 n.2.

Appellant argues that the panelist's belief that appellant was innocent until proved guilty beyond a reasonable doubt is not a legitimate race-neutral explanation for a peremptory strike that is challenged pursuant to *Batson*. He relies on the holding in *Martinez v. State*, 824 S.W.2d 724, 726 (Tex. App.—Fort Worth 1992, pet. ref'd). In that case, one of the State's explanations for a challenged strike was the panelist's "attitudes toward intoxication." *Id*. at 725. The court of appeals found this explanation to be inadequate:

> The only views expressed by the veniremember in effect were that the D.W.I. law made sense and he understood it. We do not consider that a peremptory challenge based upon a juror's response to the effect that he understands or agrees with the applicable law in the case is a legitimate reason for peremptory challenge as required by *Batson* and article 35.261.

*Id*. at 726.

We find the instant case to be distinguishable from *Martinez*. The prosecutor made it clear that his objection to the panelist was not based on the panelist's understanding of the law regarding the State's burden of proof, but rather on the panelist's seeming belief that appellant was not guilty as a matter of fact. The trial judge, who had the benefit of being present during voir dire, agreed that defense counsel's question to the panel "wasn't asked as a statement of the law." Viewing the record before us in the light most favorable to the ruling, we do not have a definite and

firm conviction that the court was mistaken in concluding that the State's explanation for the challenged strike was race-neutral. We overrule appellant's first point of error.

***Punishment Testimony***

Appellant's third point of error asserts that the district court erred by admitting the punishment stage testimony of D. H. and S. M. D. H. testified that she accepted a ride from appellant in 1993, when she was seventeen and living in Colorado Springs, Colorado. Appellant took her to a "grassy area" where, after he smoked what she believed was crack cocaine, he attempted to sexually assault her. D. H. escaped and called the police. S. M. testified that she accepted a ride from appellant in Colorado Springs in 1994, when she was fifteen. Appellant took her to a house, gave her $45, and asked her to go upstairs with him. S. M. ran out of the house, went to a neighbor's house, and called the police.

Evidence of extraneous misconduct shown beyond a reasonable doubt to have been committed by the defendant may be admitted at the punishment stage if relevant to sentencing. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2002). Appellant argues that the district court erroneously took it upon itself to determine whether the State adequately proved the extraneous misconduct rather than submit the question to the jury. He further urges that the district court erred by permitting S. M. to testify to a sexual assault for which he had been tried and acquitted.

Before admitting extraneous misconduct evidence at the punishment stage, the trial court must make a preliminary determination that the evidence would support a finding beyond a reasonable doubt that the defendant committed the acts in question. *Mitchell v. State*, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996) (plurality op.), 956 (Meyers, J., concurring); *see also Harrell v.*

6

*State*, 884 S.W.2d 154, 160-61 (Tex. Crim. App. 1994). The court must also instruct the jury in the punishment charge that it is not to consider the extraneous acts unless it is satisfied beyond a reasonable doubt that the defendant committed the acts. *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000). In this cause, the district court made the necessary preliminary determination and then gave the required jury instruction, a fact appellant seems to have overlooked. Appellant has shown no error.

Outside the jury's presence, S. M. testified that while she was in the house with appellant, he pulled down her pants and "got on top of me." The record shows that appellant was charged and tried in Colorado for first and second degree sexual assault and solicitation of a child for prostitution based on S. M.'s allegations. A jury acquitted appellant of the first two offenses and could not reach a verdict as to the third. Appellant subsequently pleaded guilty to prostitution. Based on this record, the district court sustained appellant's objection to any testimony that he sexually assaulted or attempted to sexually assault S. M. As can be seen from our summary of S. M.'s trial testimony, the jury did not hear any testimony regarding the alleged assault. Appellant now argues that it was a fair inference from S. M.'s testimony that she was raped, but he did not make this objection at trial. *See* Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a)(1). Once again, appellant has presented no error. We overrule appellant's third point of error.

### Trial Counsel's Effectiveness

Finally, appellant contends his trial attorney did not provide him effective legal assistance. To prevail on this claim, appellant must show that his counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced the appellant's

7

defense to such a degree that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

Appellant complains that his trial counsel failed to preserve the *Batson* error in jury selection. To the contrary, we concluded that the error was preserved. Appellant also argues that his attorney "failed to prepare a defense to the admissibility" of D. H.'s and S. M.'s punishment stage testimony. As we discussed, counsel successfully objected to any testimony by S. M. that appellant sexually assaulted her. Appellant offers no argument in support of his contention that counsel should have been able to prevent either D. H. or S. M. from testifying at all.

Appellant contends his attorney failed to prepare adequately for trial, asserting that he did not interview appellant, the complaining witness, or appellant's original attorney, and that he failed to read the clerk's record. Assuming these facts to be true, appellant fails to allege or show that counsel's alleged lack of preparation had any negative impact on the outcome of his trial.

Next, appellant asserts that counsel was ineffective because he "failed to prevent the jury from hearing [about] appellant's drug use." Appellant does not state a legal basis for excluding the evidence that he smoked crack cocaine before assaulting the complainant. The evidence appears

8

to be admissible as same transaction contextual evidence. *See Dusek v. State*, 978 S.W.2d 129, 136 (Tex. App.—Austin 1998, pet. ref'd).

Appellant complains that trial counsel should have "fashion[ed] a way" to introduce evidence of the complainant's criminal record and history of drug and alcohol abuse. The record reflects that the complainant was convicted of felony delivery of a controlled substance in 1988 and placed on community supervision, which she successfully completed. The court ruled that this conviction was not admissible to impeach her testimony pursuant to rule 609(c)(2). Tex. R. Evid. 609(c)(2). Appellant argues that counsel should have urged the admission of the prior conviction under rule 609(b), on the theory that the probative value of the evidence outweighed its prejudicial value. *Id*. rule 609(b). Rule 609(b) was not applicable to the complainant's conviction because she had been discharged from probation less than ten years before appellant's trial.

Appellant argues that his attorney should have adduced evidence of the complainant's drug and alcohol abuse on the theory that it impaired her accurate ability to perceive events. He also complains that his attorney did not present this or any other effective arguments at either the guilt or punishment stage of trial. Both of these allegations relate to matters of trial strategy. We will not second-guess trial counsel in the absence of any record regarding the motives behind his actions.

As in many cases in which the effectiveness of trial counsel is challenged on direct appeal, the record before us is undeveloped and does not adequately reflect the motives behind trial counsel's actions. *See Mallett*, 65 S.W.3d at 63. Appellant has not met his burden of demonstrating that his trial attorney's performance was outside the range of reasonable professional assistance. We overrule appellant's second point of error.

9

The district court rendered separate judgments for each count. The judgments of conviction are affirmed.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: April 11, 2002

Publish