**Opinion issued December 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00660-CR

———————————

**RODASHIAN E. DEGAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 230th District Court
Harris County, Texas
Trial Court Case No. 1377034

## O P I N I O N

A jury convicted appellant, Rodashian E. Degar, of murder,[1] and the trial

court assessed his punishment at twelve years' confinement. In his sole issue,

appellant argues that the trial court abused its discretion in remedying the State's

---

[1] *See* TEX. PENAL CODE ANN. § 19.02 (Vernon 2011).

violation of *Batson v. Kentucky*[2] by reinstating the improperly challenged venire member rather than by calling a new venire panel.

We affirm.

## Background

Appellant was charged with the murder of the complainant, Chase Walker, in the course of a marijuana sale gone wrong. Following voir dire and each party's exercise of its peremptory strikes, the trial court presented the first twelve members remaining on the venire panel as the proposed trial jury.

Appellant objected to the proposed jury, stating, "Judge, at this time I would make a *Batson* challenge." Appellant asserted that there were nine African-Americans on the venire panel and only three had been selected to sit on the jury. He identified three additional African-American venire members whom he argued the State had struck in violation of *Batson v. Kentucky*. Following a hearing, the trial court sustained appellant's *Batson* challenge as to one of these people, venire member fifteen.

The trial court stated that it would seat the challenged venire member on the jury, and the following discussion occurred:

[Counsel]:   Okay. So, we seat her and then who do we seat after that?

[The Court]:  We have to take a look. So, what we do is—Let's go off the record.

_____
[2]     476 U.S. 79, 106 S. Ct. 1712 (1986).

(Brief pause).

[The Court]: Okay. We're back on the record on your motion.

[Counsel]: I would object to the panel—the proposed remedy is to seat Juror No. 15, which then removes Juror No. 45 who is also an African-American female. So, I would object to the panel with that remedy.

[The Court]: Okay. That's overruled.

[Counsel]: And because my objection is overruled, as part of trial strategy, I would rather have Juror No. 45 seated than Juror No. 15 seated.

[The Court]: Juror 15 is not seated. You'd rather keep Juror 45; is that correct?

[Counsel]: Correct. . . .

[The Court]: All right. That's what we'll do. We'll keep the jury as it is.

The trial court empaneled a twelve-person jury with eight minorities, including three African-Americans, to consider the case. The jury convicted appellant of murder, and this appeal followed.

## Remedy for *Batson* Violation

In his sole issue, appellant argues that the trial court abused its discretion in remedying the State's *Batson* violation with regard to venire member fifteen.

In *Batson*, the Supreme Court determined that racial discrimination in the use of peremptory challenges violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and it left state and

3

federal courts to fashion their own remedy to such violations. *See* 746 U.S. 79, 84, 99 n.24, 106 S. Ct. 1712, 1716, 1725 n.24 (1986). In response, the Texas Legislature enacted Code of Criminal Procedure article 35.261 implementing *Batson*'s prohibition on race-based peremptory challenges and providing that "the defendant may request the court to dismiss the array and call a new array in the case" and that "[i]f the court determines that the attorney representing the state challenged prospective jurors on the basis of race, the court shall call a new array in the case." TEX. CODE CRIM. PROC. ANN. art. 35.261 (Vernon 2006).

However, the Court of Criminal Appeals subsequently stated that the sole statutory remedy of "call[ing] a new array" in the case after sustaining a *Batson* challenge "may be unconstitutionally restrictive" and held that trial courts have discretion to implement other remedies—such as reinstating venire members struck on the basis of race. *State ex rel. Curry v. Bowman*, 885 S.W.2d 421, 424–25 (Tex. Crim. App. 1993); *see, e.g.*, *Peetz v. State*, 180 S.W.3d 755, 760 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("When a court finds a *Batson* violation, it may fashion an appropriate remedy according to its discretion."); *Boones v. State*, 170 S.W.3d 653, 657 (Tex. App.—Texarkana 2005, no pet.) (recognizing *Bowman* as holding that decision to reinstate excluded venire members was acceptable remedy); *Craig v. State*, 82 S.W.3d 451, 453 n.1 (Tex. App.—Austin 2002, pet. ref'd) (recognizing that "the remedy prescribed by article

4

35.261 is not exclusive and that a trial court is authorized to remedy a *Batson* error by reinstating the excluded venire member to the trial jury").

To preserve an issue for review on appeal, an appellant must make a timely objection that specifically states the legal basis for the objection. TEX. R. APP. P. 33.1(a); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). "Regarding its specificity, the objection must simply be clear enough to provide the judge and the opposing party an opportunity to address and, if necessary, correct the purported error." *Pena*, 353 S.W.3d at 807. Furthermore, the point of error raised on appeal must comport with the objection made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

In the context of a complaint about the remedy to a *Batson* violation, the Court of Criminal Appeals has held that "an objection to an impermissible peremptory challenge of a veniremember based on *Batson* and its progeny is no longer coextensive with an objection predicated upon Article 35.261." *Bowman*, 885 S.W.2d at 425 (noting that defendant "did not expressly assert any statutory rights" and concluding that trial court did not abuse its discretion in reinstating improperly challenged juror); *see also Boones*, 170 S.W.3d at 657 (holding, where defendant did not expressly assert any statutory rights, that trial court did not abuse its discretion by reinstating excluded juror).

Appellant argues that the trial court abused its discretion in proposing to remedy the *Batson* violation by reinstating venire member fifteen to the trial jury. However, *Batson* did not prescribe a particular remedy but left it to state and federal courts to fashion their own remedy, stating:

> We express no view on whether it is more appropriate in a particular case, upon a finding of discrimination against black jurors, for the trial court to discharge the venire and select a new jury from a panel not previously associated with the case . . . or to disallow the discriminatory challenges and resume selection with the improperly challenged jurors reinstated on the venire.

*Batson*, 476 U.S. at 99 n.24, 106 S. Ct. at 1725 n.24; *Bowman*, 885 S.W.2d at 424. And, as *Bowman* makes clear, trial courts have the discretion to implement remedies such as reinstating venire members struck on the basis of race. *See Bowman*, 885 S.W.2d at 424–25.

Here, the trial court sustained appellant's *Batson* challenge regarding venire member fifteen and suggested the remedy of reinstating her on the jury, which was within its discretion. *See id.*; *see also Peetz*, 180 S.W.3d at 760 ("When a court finds a *Batson* violation, it may fashion an appropriate remedy according to its discretion."); *Boones*, 170 S.W.3d at 657 (recognizing *Bowman* as holding that decision to reinstate excluded venire members was acceptable remedy); *Craig*, 82 S.W.3d at 453 n.1 (recognizing that "a trial court is authorized to remedy a *Batson* error by reinstating the excluded venire member to the trial jury").

Appellant objected to this remedy by arguing that seating venire member fifteen resulted in the removal of venire member forty-five from the jury, and venire member forty-five was, like venire member fifteen, an African-American female. However, appellant presented no argument regarding why this remedy was inadequate to cure any harm arising from the *Batson* violation. The jury that convicted appellant consisted of twelve people, eight of whom were minorities, including three African-Americans. *Cf. Bowman*, 885 S.W.2d at 425 (observing that "*Batson* and its progeny demonstrate that denying a person participation on a jury . . . on account of his race unconstitutionally discriminates against the excluded juror" and, thus, *Batson* violations are not "merely harmful to the parties involved but to the individual veniremember as well"; concluding that reinstating improperly struck venire member to jury serves to vindicate prospective juror's right to serve on jury).

We conclude that the trial court did not err in responding to appellant's *Batson* challenge by reinstating venire member fifteen to the jury. *See id.*

Appellant also argues on appeal that the trial court erred in "refusing" to dismiss the entire venire panel and call a new array as required by Code of Criminal Procedure article 35.261. *See* TEX. CODE CRIM. PROC. ANN. art. 35.261(a) (providing that "defendant may request the court to dismiss the array and call a new array in the case" and setting out procedure for doing so). As appellant never

requested this relief, we cannot conclude that the trial court abused its discretion in failing to grant it.

An objection to an impermissible peremptory challenge based on *Batson* is not coextensive with an objection under article 35.261, and the remedies are not coextensive. *Bowman*, 885 S.W.2d at 425 (noting that *Batson* Court left selection of appropriate remedy to discretion of state and federal courts and concluding that when defendant "did not expressly assert any statutory rights" trial court did not abuse its discretion in reinstating improperly challenged venire member); *Boones*, 170 S.W.3d at 657 (holding that trial court did not abuse its discretion by reinstating excluded juror when defendant did not expressly assert any statutory rights); *cf.* TEX. CODE CRIM. PROC. ANN. art. 35.261(a) (governing procedure and remedy upon request to dismiss array).

Appellant's objection before the trial court regarding the State's peremptory challenge to venire member fifteen referenced only *Batson*—appellant did not assert any statutory grounds for his challenge, did not refer to article 35.261, and did not request that the trial court dismiss the entire venire panel and call a new array. Appellant "object[ed] to the panel with [the trial court's proposed] remedy" and stated that, "as part of [his] trial strategy, [he] would rather have Juror No. 45 seated than Juror No. 15 seated." The trial court granted this request. Thus, appellant failed to preserve for consideration on appeal his complaint that the trial

8

court erred in failing to dismiss the venire panel. *See* TEX. R. APP. P. 33.1(a); *Pena*, 353 S.W.3d at 807 (requiring specific objection "clear enough to provide the judge and the opposing party an opportunity to address and, if necessary, correct the purported error"). His argument on appeal does not comport with the objections made at trial. *See Wilson*, 71 S.W.3d at 349; *Bowman*, 885 S.W.2d at 425.

We overrule appellant's sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.

 

 

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

Justice Massengale, concurring.

Publish.  TEX. R. APP. P. 47.2(b).