In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00216-CR
______________________________


ALLAN CUNNINGHAM, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 19931


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Allan Cunningham appeals from his conviction for unauthorized use of a motor vehicle. A
jury assessed his punishment at two years' confinement.


 On appeal, Cunningham argues that we
should reverse his conviction because the trial court failed to charge the jury that Bobby Lemon, a
codefendant, was an accomplice witness as a matter of law, and erred by denying Cunningham's
motion for an instructed verdict because there was not enough nonaccomplice evidence tending to
connect him with the crime. Cunningham also contends that the evidence was legally and factually
insufficient to support the verdict and that he received ineffective assistance of counsel because
counsel did not request an accomplice-witness instruction and failed to object to the admission of
evidence about juvenile adjudications.
Â Â Â Â Â Â Â Â Â Â Â Â The evidence shows the following sequence of events. During an evening in which
Cunningham was riding around with Lemon and Christopher Ray, in Ray's sister's car, they backed
into the driveway of John Lightfoot's house. As Lemon so colorfully put it, at the time they were all
pretty well "lit." Lemon testified that he went inside the garage to steal something and ended up
taking beer out of a cooler. When Lemon came back out with stolen beer in hand, Cunningham was
arguing with one of Lightfoot's neighbors, Larry Buster, who had come over to see what was going
on. A fight ensued, and both Cunningham and Lemon struck Buster before they drove away, leaving
him unconscious in the driveway. Ray testified that he stayed in the car, that Lemon said it was a
friend's house, and that he had no idea a crime would occur. 
Â Â Â Â Â Â Â Â Â Â Â Â Buster testified that, when he saw the car backed into Lightfoot's driveway, he went over to
see what was going on, and Cunningham was in the car. Buster testified that Cunningham yelled
at him and got out of the car, that Buster then saw someone else come out of the garage with beer
in his hand, and that both Cunningham and Lemon hit and kicked Buster until he blacked out. 
Â Â Â Â Â Â Â Â Â Â Â Â Lightfoot testified that he was in the house at the time and did not hear the fight. Buster,
bloody from the battle, knocked on Lightfoot's door and told him what had happened. Lightfoot
checked and found that some beer was missing from an ice chest in his garage.
Â Â Â Â Â Â Â Â Â Â Â Â Lemon testified that, after this occurred and while they were driving around, he saw a pickup
truck with tools in the back, that Lemon got out of the car and drove the truck away, and that
Cunningham followed in the car. Lemon stopped near a business, unloaded items from the truck into
the car, left the truck there, and drove away. When they stopped again a few minutes later, Ray got
into an argument with Cunningham and Lemon about a number of things involving the theft and
assault, after which they beat Ray severely and left him beside the road.
Â Â Â Â Â Â Â Â Â Â Â Â Officer Steven Hill testified that he worked on the case. Officers stopped the car and arrested
its occupants. When officers inventoried the car, they found three cans of beer of the type taken from
Lightfoot's cooler, and also found tools, a C.D. case, a rifle, a cell phone, a video camera, and other
items that were identified as property stolen from the pickup truck.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment because we hold (1) the failure to provide the jury an accomplice-witness instruction was not egregiously harmful, (2) the nonaccomplice evidence sufficiently
connects Cunningham with the crime, (3) legally and factually sufficient evidence supports the
conviction, and (4) ineffective assistance of counsel has not been shown.
(1)Â Â Â Â Â Â Â The Failure to Provide the Jury an Accomplice-Witness Instruction Was Not Egregiously
Harmful
Â Â Â Â Â Â Â Â Â Â Â Â Without question, Lemon was an accomplice in this case.


 He was indicted and convicted
for the same offense and was in prison at the time of this trial. Cunningham did not request an
accomplice-witness instruction. Accordingly, we review the charge under the Almanza standard. 
Under Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1984), the appropriate harm analysis
depends on whether the defendant preserved error by bringing the improper omission to the trial
court's attention. When the error is preserved, we must reverse if "some harm" is shown. But when,
as in this case, the defendant has not preserved error, he must show egregious harm. Under either
instance, we must review the entirety of the record in reaching our determination. Id. at 171. The
difference in harm standards affects how strong the nonaccomplice evidence must be for the error
in omitting an accomplice-witness instruction to be considered harmless. Herron v. State, 86 S.W.3d
621, 632 (Tex. Crim. App. 2002).
Â Â Â Â Â Â Â Â Â Â Â Â The Texas Court of Criminal Appeals has held that, in applying the egregious harm standard,
the omission of an accomplice-witness instruction is generally harmless unless the corroborating,
nonaccomplice evidence is "so unconvincing in fact as to render the State's overall case for
conviction clearly and significantly less persuasive." Id.; Saunders v. State, 817 S.W.2d 688, 692
(Tex. Crim. App. 1991). 
Â Â Â Â Â Â Â Â Â Â Â Â In Saunders, the court found egregious harm because the corroborating nonaccomplice
evidence was weak and was contradicted by other evidence. The alleged crime was arson, and the
corroborating evidence involved financial circumstances that seemed somewhat suspicious at first
glance but were given persuasive innocent explanations. As a result, the corroborating evidence,
even if believed, did not have a very strong tendency to connect the defendant to the crime. Further,
much of the evidence in the defendant's favor was uncontradicted, and the court observed that
"[r]ational jurors may not utterly disregard undisputed evidence without a sensible basis for thinking
it unreliable any more than they may simply assume a critical part of the proof without evidence
having an inclination to confirm it." Saunders, 817 S.W.2d at 693.
Â Â Â Â Â Â Â Â Â Â Â Â In Â determining Â the Â strength Â of Â a Â particular Â item Â of Â nonaccomplice Â evidence, Â we
examine (1) its reliability or believability and (2) the strength of its tendency to connect the
defendant to the crime. Herron, 86 S.W.3d at 632.
Â Â Â Â Â Â Â Â Â Â Â Â In the companion appeal, Cunningham v. State, cause number 06-05-00215-CR, we discuss
at length the nonaccomplice testimony linking Cunningham to the burglary of a habitation. This
requires a different review. In this case, we look at the nonaccomplice evidence linking Cunningham
to the unauthorized use of a motor vehicle.
Â Â Â Â Â Â Â Â Â Â Â Â There is no direct evidence that Cunningham personally exercised control over the pickup
truck. The jury convicted him, necessarily, as a party criminally responsible for the offense
committed by Lemon. That type of responsibility exists if "with intent to promote or assist the
commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person
to commit the offense." Tex. Pen. Code Ann. Â§ 7.02(a)(2) (Vernon 2003). 
Â Â Â Â Â Â Â Â Â Â Â Â In this case, there is nonaccomplice testimony that Cunningham was riding around in the car
with Lemon, that Lemon took them to a house, that Lemon entered the garage and came out with
cans of beer, and that Cunningham exited the car and attacked, without provocation, a neighbor who
approached and asked what they were doing. There is evidence that Cunningham helped assault the
neighbor, and that they then drove away, leaving the neighbor unconscious on the ground. The
evidence shows that Lemon and Cunningham were arrested when the car was stopped by police, and
that a number of items stolen from the pickup truck were found in that car. There was no evidence
Cunningham ever entered or operated the pickup truck. Ray testified he, Cunningham, and Lemon
all knew at the time that the truck was stolen. The evidence places Cunningham in the car with the
stolen items, and shows that he was in the car both before and after the pickup truck was stolen.
Â Â Â Â Â Â Â Â Â Â Â Â Although an accomplice-witness instruction should have been sent to the jury, egregious
harm did not result from its absence. The nonaccomplice evidence, as summarized above, is not "so
unconvincing in fact as to render the State's overall case for conviction clearly and significantly less
persuasive." Herron, 86 S.W.3d at 632. We overrule this contention of error.
(2)Â Â Â Â Â Â Â The Nonaccomplice Evidence Sufficiently Connects Cunningham with the Crime
Â Â Â Â Â Â Â Â Â Â Â Â Cunningham also contends his conviction must be reversed because the nonaccomplice
evidence was insufficient to connect him to the crime. We disagree.
Â Â Â Â Â Â Â Â Â Â Â Â The test for determining the sufficiency of the corroboration is to eliminate the accomplice-witness testimony from consideration and then determine if there is any other incriminating evidence
which "tends to connect" the defendant with the crime. Burks v. State, 876 S.W.2d 877, 887 (Tex.
Crim. App. 1994); Bulington, 179 S.W.3d at 229 (citing Hernandez v. State, 939 S.W.2d 173, 176
(Tex. Crim. App. 1997); Reed v. State, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988)). The
nonaccomplice evidence need not prove all the elements of the alleged offense. Bulington, 179
S.W.3d at 229.
Â Â Â Â Â Â Â Â Â Â Â Â We have already set out the nonaccomplice evidence above. We find that believable
evidence tends to connect Cunningham with the crime. We overrule this contention of error.
(3)Â Â Â Â Â Â Â Legally and Factually Sufficient Evidence Supports the Conviction
Â Â Â Â Â Â Â Â Â Â Â Â Cunningham next contends the evidence is legally and factually insufficient to support the
verdict. In our review of the legal sufficiency of the evidence, we employ the standards set forth in 
Jackson v. Virginia, 443 U.S. 307, 319 (1979). This calls on the reviewing court to view the relevant
evidence in the light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In our review, we must evaluate all the evidence in the
record, Â both Â direct Â and Â circumstantial, Â whether Â admissible Â or Â inadmissible. Â Dewberry Â v. Â State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999).
Â Â Â Â Â Â Â Â Â Â Â Â In a factual sufficiency review, the appellate court views all the evidence in a neutral light
and determines whether the evidence supporting the verdict is too weak to support the finding of
guilt beyond a reasonable doubt or if evidence contrary to the verdict is strong enough that the
beyond-a-reasonable-doubt standard could not have been met. Threadgill v. State, 146 S.W.3d 654,
664 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477, 486 (Tex. Crim. App. 2004)).
Â Â Â Â Â Â Â Â Â Â Â Â We have summarized the evidence above. There is evidence that the crime occurred. There
is evidence that Cunningham was in the vehicle with the person who stole the pickup truck and that
he followed Lemon to a location where Lemon took the items from the truck and transferred them
to the car. According to the evidence, Cunningham knew it was going to occur and attacked a third
person in the car, who complained about the unlawful activities. There is no evidence that distances
Cunningham from the crime or that shows he was not an accomplice to its commission. The
evidence shows more than Cunningham's mere presence. The evidence is legally and factually
sufficient to support the verdict. We overrule these contentions of error.
(4)Â Â Â Â Â Â Â Ineffective Assistance of Counsel Has Not Been Shown
Â Â Â Â Â Â Â Â Â Â Â Â Cunningham's final contention of error is that he received ineffective assistance of counsel
at trial under Strickland v. Washington, 466 U.S. 668 (1984). He alleges that his counsel was
ineffective for not requesting an accomplice-witness instruction and for failing to object when his
juvenile adjudications were admitted into evidence. These same arguments are addressed in our
opinion in Cunningham v. State, cause number 06-05-00215-CR, and we here adopt the reasoning
and authorities set out in that opinion.
Â Â Â Â Â Â Â Â Â Â Â Â Because the offenses are different, we look at different evidence in connection with the
failure to request an accomplice-witness instruction. The result, however, is the same. In this
appeal, as in the companion, even without the accomplice-witness testimony, there is substantial
evidence that supports a conclusion that Cunningham was indeed criminally responsible for Lemon's
unauthorized use of a motor vehicle. It is apparent, under the facts as previously discussed and our
analysis of applicable law in our opinion in cause number 06-05-00215-CR, that counsel's failure
to request the instruction was deficient. Based on the analysis previously conducted on the evidence,
we are not convinced that the failure created a reasonable probability that the result of the trial would
have been different in the absence of the deficient conduct. Id. at 687.
Â Â Â Â Â Â Â Â Â Â Â Â The remaining asserted deficiency of counsel, not objecting to evidence of Cunningham's
juvenile adjudications, is identical to and is addressed in our opinion in the companion appeal, cause
number 06-05-00215-CR. For the reasons stated therein, we likewise find from this record that
Cunningham has not shown trial counsel's actions to have been below an objective standard of
reasonableness.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â August 16, 2006
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â September 19, 2006

Do Not Publish



ment:para-border-div;border:solid white 1.0pt;mso-border-alt:
 solid white .75pt;padding:0in 0in 0in 0in'>
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00042-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  BRANDI EDWARDS,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 336th
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Fannin County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 20023

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Moseley








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Brandi Edwards was convicted by a
jury of one count of aggravated sexual assault and one count of indecency with
her daughter, A.R.W, who was then five years old.Â  On the first count (sexual assault), Edwards
was sentenced to sixty yearsÂ imprisonment and ordered to pay a $10,000.00
fine.Â  On the second count (indecency),
she was sentenced to twenty yearsÂ imprisonment and was likewise ordered to pay
a fine of $10,000.00.Â  

Â Â Â Â Â Â Â Â Â Â Â  On appeal, Edwards argues that the
jury charge erroneously included a manner and means not alleged in the
indictment and complains of admission of testimony by a sexual assault nurse
examiner (SANE) relating some of A.R.W.Âs statements made during an
examination.Â  

Â Â Â Â Â Â Â Â Â Â Â  We affirm the trial courtÂs
judgment.Â  

I.Â Â Â Â Â Â Â Â Â  Complaint of Jury Charge Error 

Â 

Â Â Â Â Â Â Â Â Â Â Â  The complaint on appeal arises
because the conduct listed in the indictment in the aggravated sexual assault
charge alleged that there was penetration on EdwardsÂ part Âby the finger,Â
whereas a reference in the jury charge directed the jury to find that Edwards
was guilty of aggravated sexual assault if it found that she intentionally or
knowingly penetrated the child with her Âfinger or a stick.ÂÂ  (As the State concedes, Edwards is correct
that the charge was erroneous Âbecause the charge contains the unindicted
manner and means of Âa stickÂ and allows conviction if the jury believe[d] appellant
penetrated [A.R.W.Âs] sexual organ with either her finger or a stick.Â).Â  Although no objection to this charge was
raised by Edwards at trial, Edwards argues on appeal that this charge
Âauthorized the jury to convict on either of two manners and means without
requiring a unanimous agreement on either of them.ÂÂ  

Â Â Â Â Â Â Â Â Â Â Â  Our review of error in this jury
charge involves a two-step process.Â  Abdnor v. State, 871 S.W.2d 726, 731 (Tex.
Crim. App. 1994); see also Sakil v. State, 287 S.W.3d 23, 25Â26 (Tex. Crim. App.
2009); Barnett v. State, 344 S.W.3d 6,
25 (Tex. App.ÂTexarkana 2011, pet. refÂd).Â  Initially, we determine whether error
occurred, and then evaluate whether sufficient harm resulted from the error to
require reversal.Â  Abdnor, 871 S.W.2d at 731Â32. 

Â Â Â Â Â Â Â Â Â Â Â  A person commits the offense of
aggravated sexual assault if the person intentionally or knowingly causes the
penetration of the sexual organ of a child by any means.Â  Tex.
Penal Code Ann. Â§ 22.021(a)(B)(i) (West Supp.
2011).Â  The indictment in this case
alleged that Edwards Âdid intentionally or knowingly sexually assault [A.R.W.],
a child younger than 14 years of age and not the spouse of defendant, by
causing the sexual organ of [A.R.W.] to be penetrated by the finger of the
defendant.ÂÂ  Aggravated sexual assault is
a conduct oriented offense. Â Young v. State, 341 S.W.3d 417, 422 &
423 n.20 (Tex. 2011) (citing Huffman v.
State, 267 S.W.3d 902, 906 (Tex. Crim. App. 2008); Vick v. State, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999)
(aggravated sexual assault is a Âconduct-oriented offense in which the
legislature criminalized very specific conduct of several different
types.Â)).Â  Thus, Âseparately described
conduct constitutes a separate statutory offenseÂ and can be separately
prosecuted.Â  Vick, 991 S.W.2d at 832.Â  

Â Â Â Â Â Â Â Â Â Â Â  Texas law requires that a jury reach
a unanimous verdict about the specific crime that the defendant committed.Â  Cosio v. State,
No. PD-1435-10, 2011 WL 4436487, at *3 (Tex. Crim. App. Sept. 14, 2011); see Tex.
Const. art. V Â§ 13. Â This means that the jury must Âagree upon
a single and discrete incident that would constitute the commission of the
offense alleged.Â Â Id. (quoting Stuhler v. State, 218 S.W.3d 706, 717 (Tex.
Crim. App. 2007)).Â  We concur with
Edwards and the State that the jury charge was used in error when it used the
phrase Âeither her finger or a stick,Â rather than saying only Âwith her
finger.Â

Â Â Â Â Â Â Â Â Â Â Â  We now decide whether the error was
harmful.Â  Edwards admits in her brief
that she failed to object to the jury charge.Â 


The
degree of harm necessary for reversal depends upon whether the error was
preserved. Error properly preserved by an objection to the charge will require
reversal Âas long as the error is not harmless.Â Â We have interpreted this to mean any harm, regardless of degree, is
sufficient to require reversal. Â However,
when the charging error is not preserved a greater degree of harm is required. Â This standard of harm is described as
Âegregious harm.Â

Â 

Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)
(citations omitted).

Â Â Â Â Â Â Â Â Â Â Â  Because Edwards did not preserve her
complaint at trial, our analysis must address whether the charge error was so
egregious and created such harm that it deprived her of a fair and impartial
trial.Â  Allen v. State, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008); Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1984) (op. on rehÂg), superseded on other grounds by rule as stated in Rodriguez v. State,
758 S.W.2d 787 (Tex. Crim. App. 1988); Boones
v. State, 170 S.W.3d 653, 660 (Tex. App.ÂTexarkana 2005, no pet.).Â  Egregious harm occurs where an error affects
the very basis of a case, deprives the defendant of a valuable right, vitally
affects a defensive theory, or makes the case for conviction or punishment
clearly and significantly more persuasive.Â 
Boones, 170 S.W.3d at 660
(citing Saunders v. State, 817 S.W.2d
688, 692 (Tex. Crim. App. 1991)).Â  When
charge error causes a jury to render a less-than-unanimous verdict on an issue
on which unanimity is required, the charge error is egregiously harmful.Â  See
Ngo v. State, 175 S.W.3d 738, 750Â52
(Tex. Crim. App. 2005); Swearingen v.
State, 270 S.W.3d 804, 812 (Tex. App.ÂAustin 2008, pet. refÂd).Â  The egregious harm standard requires a
finding of actual, not merely theoretical, harm to the accused.Â  Almanza, 686 S.W.2d at 174.Â 


Â Â Â Â Â Â Â Â Â Â Â  Egregious harm is a difficult
standard to meet and must be determined on a case-by-case basis.Â  Ellison
v. State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002).Â  We consider the charge itself, the state of
the evidence (including contested issues and the weight of the probative
evidence), arguments of counsel, and the record as a whole in addressing
harm.Â  Hutch, 922 S.W.2d at 171.Â  

Â Â Â Â Â Â Â Â Â Â Â  In the courtÂs charge, the jury was
asked whether it found Edwards guilty Âas charged in the indictmentÂ (an
indictment which made no reference to a stick).Â 
The evidence included a videotaped interview of the child with Michelle
Griffith, to which no objection was lodged.Â 
This recorded interview contained the childÂs gestures and statements
from which the jury could have found that Edwards penetrated A.R.W.Âs sexual
organ with her finger.Â  Specifically,
A.R.W. repeatedly stated that Edwards would do Ânasty stuffÂ with her.Â  When asked to describe the acts to which she made
reference, A.R.W. gestured in a manner indicating penetration of her female
sexual organ by a finger.Â  She orally
clarified that ÂMomma did it till it tickled.ÂÂ 
Surprisingly, A.R.W. continuously asked Griffith if she could
Âparticipate in a sexual manner with her.ÂÂ 
A.R.W.Âs assistant principal, Mary Lou Fox, also testified that A.R.W.
stated she had sexual contact with Edwards.Â 
When asked to describe what sex was, Fox testified that A.R.W. Âpointed
more to her front -- her front areaÂ and went on to say, ÂYou do it real hard
and it makes it tickle.ÂÂ  There was no
evidence offered of Edwards employing a stick in commission of the offense, and
during closing argument, the State made no mention of penetration by a
stick.Â  Instead, the State argued
correctly that Âwe undertook to prove that Brandi Edwards and no one else
committed .Â .Â . aggravated sexual assault by penetrating the childÂs
sexual organ with her fingers.Â 

Â Â Â Â Â Â Â Â Â Â Â  The state of the evidence, arguments
of counsel, and the record as a whole do not suggest that Edwards suffered
egregious harm from the inclusion of the objectionable phrase in the jury
charge.Â  Moreover, we have previously
held that where, as here, there is no evidence of a lack of unanimity by the
jury, harm resulting from an erroneous charge is not egregious.Â  Johnson
v. State, No. 06-10-00089-CR, 2011 WL 240875 at *4 (Tex. App.ÂTexarkana
Jan. 26, 2011, pet. refÂd) (mem. op., not designated
for publication).[1]Â  Because nothing in the record indicated that
the jury did not unanimously find that Edwards penetrated A.R.W.Âs sexual organ
with her finger, Edwards does not demonstrate actual (as opposed to
theoretical) egregious harm. 

Â Â Â Â Â Â Â Â Â Â Â  We overrule EdwardsÂ first point of
error. 

II.Â Â Â Â Â Â Â  Complaint
of Admission of SANE Testimony 

Â Â Â Â Â Â Â Â Â Â Â  Edwards complains that SANE Jerri Larson was
allowed to testify to statements made by A.R.W. during her medical examination
over a timely hearsay objection and an explanation by the State that the
following statements were made for purposes of medical diagnoses, excepting
them from the hearsay rule:

[A.R.W.Âs]
history, she Â [A.R.W.] stated, ÂMomma did nasty stuff.Â  She had sex with me.Â  She took off all her clothes.Â  My clothes were off.Â Â She said, ÂOh, baby, [A.R.W.] I like and love
you,Â and, Â[A.R.W.], do sex with me.Â 
Momma touched my [female sexual organ] with her fingers, like this.Â Â And then [A.R.W.] was touching her vaginal
area with her hands going in and out of her vaginal area.

Â 

Â Â Â Â Â Â Â Â Â Â Â  The entire argument portion of
EdwardsÂ brief relating to this complaint states: 

Â Â Â Â Â Â Â Â Â Â Â  Trial Counsel was correct.Â  These are not statements for medical treatment
or diagnosis.Â  They are merely forensic
evidence gatherings for trial and to allow use of the statements in a case such
as this enables the statements of ComplainantÂs to be admitted for all purposes
and there is no effective way to cross-examine the statements.Â  

Â Â Â Â Â Â Â Â Â Â Â  Appellant has found no case from the
Sixth Court of Appeals,[2] but must disclose cases
contrary to her position. 

Â 

Edwards
was obligated to provide this Court with Âappropriate citations to authorities.Â
Â Tex.
R. App. P. 38.1(i); Tutt v. State, 339 S.W.3d 166, 172 (Tex. App.ÂTexarkana 2011, pet. dismÂd, untimely filed).Â 
She did not cite any caselaw to support her
position; rather, Edwards cited only law which was contrary to her
position.Â  We find this issue has been
inadequately briefed.Â  ÂWe may overrule
any inadequately briefed point of error.ÂÂ 
Tutt,
339 S.W.3d at 172Â73 (citing Loun v. State, 273
S.W.3d 406, 420 n.24 (Tex. App.ÂTexarkana 2008, no pet.)).Â  

Â Â Â Â Â Â Â Â Â Â Â  EdwardsÂ final point of error is
overruled.Â  

III.Â Â Â Â Â Â  Conclusion


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  We
affirm the trial courtÂs judgment.

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  November 1, 2011

Date
Decided:Â Â Â Â Â Â Â Â Â Â Â Â  November 18, 2011

Â 

Do Not
PublishÂ Â Â Â Â Â Â Â Â Â  











[1]Although
the unpublished cases have no precedential value, we may take guidance from them
Âas an aid in developing reasoning that may be employed.ÂÂ  Carrillo
v. State, 98 S.W.3d 789, 794 (Tex. App.ÂÂAmarillo 2003, pet. refÂd).





[2]See Prater
v. State, No. 06-07-00187-CR, 2008 WL 4191287 at * 1Â2 (Tex.
App.ÂÂTexarkana Sept. 15, 2008, pet. refÂd) (mem.
op., not designated for publication) (admission of statements made to nurse by
child complainant over hearsay objections not abuse of discretion since Rule
803(4) hearsay exception applied); Darling
v. State, 262 S.W.3d 920, 924 (Tex. App.ÂTexarkana 2008, pet. refÂd) (same).