

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-10-00025-CR
_____

DEUNJERELLE LESTER JACKSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th Judicial District Court
Morris County, Texas
Trial Court No. 10,188

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In the early morning hours of April 21, 2009, after closing time, a melee broke out in the parking lot outside Cat Daddy's, near Daingerfield, during which Deunjerelle Lester Jackson shot and killed Christopher Moore.[1] From Jackson's conviction for murdering Moore and Jackson's resulting sentence of ninety-nine years' imprisonment, Jackson appeals, complaining of an allegedly defective jury instruction. We affirm.

As his sole ground of error on appeal, Jackson claims the trial court reversibly erred in "submitting a punishment charge to the jury that was incomplete and untimely."[2]

Our review of alleged error in the jury charge involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see also Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009). Initially, we determine whether error occurred; then, if there was error, we evaluate whether sufficient harm resulted from the error to require reversal. *Abdnor*, 871 S.W.2d at 731–32. Jackson's specific jury charge complaint points to Article 37.07 of the Texas Code of Criminal Procedure and its statutory mandate to instruct juries that, "[i]f the defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for

---

[1]Tarmaine Elliott attended a private party at Cat Daddy's on Easter weekend 2009. Elliott testified that, as the venue closed for the night, a twenty-person brawl erupted, ending in a barrage of gunfire. Elliott witnessed Jackson fighting with Moore. Jackson "reached in his waist and pulled out a pistol." He ultimately fired four of five shots at Moore, proving fatal.

[2]Under his point of error, Jackson develops only the issue discussed in this opinion, that of the omission from the jury instruction of statutorily required language. He also mentions, but does not develop, an alleged redundancy as to a deadly-weapon issue. We address only the argument developed. *See Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008).

parole." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (Vernon Supp. 2010). The trial court omitted this mandatory sentence. With respect to Article 37.07, Section 4, a "trial court commits error when it deviates from the statutorily mandated language by adding or deleting language." *Loun v. State*, 273 S.W.3d 406, 415 (Tex. App.—Texarkana 2008, no pet.) (citing *Villarreal v. State*, 205 S.W.3d 103, 105 (Tex. App.—Texarkana 2006, pet. dism'd, untimely filed); *Hill v. State*, 30 S.W.3d 505, 509 (Tex. App.—Texarkana 2000, no pet.)). Because the provision Jackson complains of was omitted, error occurred. *Loun*, 273 S.W.3d at 415.

We now must decide whether the error was harmful. Jackson admits in his brief that he failed to object to the jury charge. Because Jackson did not preserve his complaint at trial, our error analysis must address whether the error was so egregious and created such harm that the appellant did not have a fair and impartial trial. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *Boones v. State*, 170 S.W.3d 653, 660 (Tex. App.—Texarkana 2005, no pet.). Egregious harm occurs where an error affects the very basis of a case, deprives the defendant of a valuable right, vitally affects a defensive theory, or makes the case for conviction or punishment clearly and significantly more persuasive. *Boones*, 170 S.W.3d at 660 (citing *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991)). This standard is difficult to prove and must be determined on a case-by-case basis. *Ellison v. State*, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002).

The jury was properly instructed that the permissible punishment range was "for a term of

not more than 99 years or life or less than 5 years." Because Jackson could not possibly receive a punishment assessment "of less than four years," the statutorily mandated sentence omitted from the jury charge was logically inapplicable to the range of Jackson's possible punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a). Indeed, it is understandable why the trial court might have omitted the sentence, since its inclusion may have confused the jury. Jackson was not egregiously harmed by omitting the phrase from the jury charge.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     September 20, 2010
Date Decided:       September 21, 2010

Do Not Publish

4