In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00025-CR

                                                ______________________________

 

 

                          DEUNJERELLE LESTER JACKSON,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 276th
Judicial District Court

                                                             Morris County, Texas

                                                            Trial
Court No. 10,188

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            In the early
morning hours of April 21, 2009, after closing time, a melee broke out in the
parking lot outside Cat Daddy’s, near Daingerfield, during which Deunjerelle
Lester Jackson shot and killed Christopher Moore.[1]  From Jackson’s conviction for murdering Moore
and Jackson’s resulting sentence of ninety-nine years’ imprisonment, Jackson appeals,
complaining of an allegedly defective jury instruction.  We affirm.

            As his sole
ground of error on appeal, Jackson claims the trial court reversibly erred in “submitting
a punishment charge to the jury that was incomplete and untimely.”[2]  

            Our review
of alleged error in the jury charge involves a two-step process.  Abdnor
v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); see also Sakil v. State, 287 S.W.3d 23, 25–26 (Tex. Crim. App.
2009).  Initially, we determine whether
error occurred; then, if there was error, we evaluate whether sufficient harm
resulted from the error to require reversal. 
Abdnor, 871 S.W.2d at
731–32.  Jackson’s specific jury charge
complaint points to Article 37.07 of the Texas Code of Criminal Procedure and
its statutory mandate to instruct juries that, “[i]f the defendant is sentenced
to a term of less than four years, he must serve at least two years before he
is eligible for parole.”  Tex. Code Crim. Proc. Ann. art. 37.07,
§ 4(a) (Vernon Supp. 2010).  The trial court
omitted this mandatory sentence.  With
respect to Article 37.07, Section 4, a “trial court commits error when it
deviates from the statutorily mandated language by adding or deleting language.”  Loun v.
State, 273 S.W.3d 406, 415 (Tex. App.—Texarkana 2008, no pet.) (citing Villarreal v. State, 205 S.W.3d 103, 105
(Tex. App.—Texarkana 2006, pet. dism’d, untimely filed); Hill v. State, 30 S.W.3d 505, 509 (Tex. App.—Texarkana 2000, no
pet.)).  Because the provision Jackson
complains of was omitted, error occurred. 
Loun, 273 S.W.3d at 415.

            We now must
decide whether the error was harmful. 
Jackson admits in his brief that he failed to object to the jury
charge.  Because Jackson did not preserve
his complaint at trial, our error analysis must address whether the error was
so egregious and created such harm that the appellant did not have a fair and
impartial trial.  Allen v. State, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008); Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1985) (op. on reh’g); Boones
v. State, 170 S.W.3d 653, 660 (Tex. App.—Texarkana 2005, no pet.).  Egregious harm occurs where an error affects
the very basis of a case, deprives the defendant of a valuable right, vitally
affects a defensive theory, or makes the case for conviction or punishment
clearly and significantly more persuasive.  Boones,
170 S.W.3d at 660 (citing Saunders v.
State, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991)).  This standard is difficult to prove and must
be determined on a case-by-case basis.  Ellison v. State, 86 S.W.3d 226, 227
(Tex. Crim. App. 2002).

            The jury was
properly instructed that the permissible punishment range was “for a term of
not more than 99 years or life or less than 5 years.”  Because Jackson could not possibly receive a
punishment assessment “of less than four years,” the statutorily mandated
sentence omitted from the jury charge was logically inapplicable to the range
of Jackson’s possible punishment.  See Tex.
Code Crim. Proc. Ann. art. 37.07, § 4(a).  Indeed, it is understandable why the trial
court might have omitted the sentence, since its inclusion may have confused
the jury.  Jackson was not egregiously
harmed by omitting the phrase from the jury charge.

            We affirm
the trial court’s judgment. 

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          September
20, 2010    

Date Decided:             September
21, 2010

 

Do Not Publish

 

 

 

 











[1]Tarmaine
Elliott attended a private party at Cat Daddy’s on Easter weekend
2009.  Elliott testified that, as the
venue closed for the night, a twenty-person brawl erupted, ending in a barrage
of gunfire.  Elliott witnessed Jackson
fighting with Moore.  Jackson “reached in
his waist and pulled out a pistol.”  He
ultimately fired four of five shots at Moore, proving fatal.  

 





[2]Under
his point of error, Jackson develops only the issue discussed in this opinion,
that of the omission from the jury instruction of statutorily required
language.  He also mentions, but does not
develop, an alleged redundancy as to a deadly-weapon issue.  We address only the argument developed.  See
Busby v. State, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008).