**Concurring opinion issued December 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-14-00660-CR

—————————————

**RODASHIAN E. DEGAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1377034**

---

## CONCURRING OPINION

I concur in the judgment affirming Degar's conviction. That said, I disagree with the court's conclusion that Degar failed to preserve his objection to the venire panel.

This appeal presents a single point of error: whether the trial court abused its discretion by "refusing to dismiss the array" after a *Batson* violation. Appellant's Br. at iii, 7. As noted by the court, the trial objection was: "*I would object to the panel*—the proposed remedy is to seat Juror No. 15, which then removes Juror No. 45 who is also an African-American female. So, *I would object to the panel with that remedy*." Maj. Op. at 3. This was not merely a reiteration of the sustained *Batson* objection. In context, by twice stating, "I would object to the panel," defense counsel articulated an independent objection to the proposed remedy. The subsequent request to seat Juror No. 45 instead of Juror No. 15 came after the trial court overruled the objection "to the panel."

This scenario is different from *Boones v. State*, 170 S.W.3d 653 (Tex. App.—Texarkana 2005, no pet.), in which the defendant objected to the State's use of a peremptory strike but "did not request the trial court to dismiss the panel and call a new array" or "object to the trial court's failure to dismiss the array pursuant to Article 35.261." *Boones*, 170 S.W.3d at 656. While the court characterizes *Boones* as an example of a "holding, where defendant did not expressly assert any statutory rights, trial court did not abuse its discretion by reinstating excluded juror," Maj. Op. at 5, in fact *Boones* did not evaluate the specificity of an objection to a proposed *Batson* remedy. *Boones* involved a naked *Batson* objection without a further objection to the trial court's remedy. *See Boones*, 170 S.W.3d at 656.

2

Likewise, *State ex rel. Curry v. Bowman*, 885 S.W.2d 421 (Tex. Crim. App. 1993), also did not evaluate the specificity required to preserve an objection to a *Batson* remedy. *Bowman* merely observed that "an objection to an impermissible peremptory challenge of a veniremember based on *Batson* and its progeny is no longer coextensive with an objection predicated upon Article 35.261." *Bowman*, 885 S.W.2d at 425.

The court unnecessarily divides Degar's single point of error into two different issues, one of which the court finds to be properly presented, and the other which it finds to have been waived. It affirmatively holds that reinstating Juror No. 15 was a proper remedy, yet it further holds that Degar failed to properly preserve his argument that the trial court should have dismissed the entire array. The court explains that Degar's trial objection "referenced only *Batson*," but if that was insufficient to preserve error with respect to an objection "to the panel," then the court's entire discussion of the merits is dicta. Maj. Op. at 8.

The Court of Criminal Appeals rejects "hyper-technical requirements for preservation," *Everitt v. State*, 407 S.W.3d 259, 263 (Tex. Crim. App. 2013), instead instructing that "all the party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Layton*

*v. State*, 280 S.W.3d 235, 239 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). I would find that standard met here. The court seems to suggest that an express reference to Article 35.261 or "the array" would have been necessary to preserve error. But under the precedents of the Court of Criminal Appeals, neither was necessary in this context, in which the trial court's familiarity with Article 35.261 fairly could be presumed.

Like the majority's dictum, I conclude the trial court acted within its discretion when it remedied the *Batson* violation by seating Juror No. 15. If, like the majority, I thought the objection was not sufficiently specific and therefore futile, I would not go further to address the merits of a waived objection.


                    Michael Massengale
                    Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

Justice Massengale, concurring in the judgment.

Publish.  TEX. R. APP. P. 47.2(b).