

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00145-CR

SKKYLAR SANCHEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR-12-077

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Skkylar Sanchez was sentenced to two years' imprisonment and assessed a $5,000.00 fine after a jury found him guilty of delivering marihuana to Lethon Baird. Sanchez appeals his conviction on the ground that the trial court erred in failing to include an instruction in the jury charge informing the jury that Baird's testimony was required to be corroborated. We affirm the trial court's judgment because Sanchez was not egregiously harmed by the trial court's failure to instruct the jury with respect to corroboration.

I.      **Failure to Submit Article 38.141 Instruction Was Erroneous**

Our review of alleged jury charge error involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Initially, we determine whether an error occurred and then "determine whether sufficient harm resulted from the error to require reversal." *Abdnor*, 871 S.W.2d at 731–32; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g); *see also Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003).

The trial court shall "deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case [and] not expressing any opinion as to the weight of the evidence . . . ." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Sanchez argues that the trial court was required to charge the jury with an instruction pursuant to Texas Code of Criminal Procedure Article 38.141, which reads:

A defendant may not be convicted of an offense under Chapter 481, Health and Safety Code, on the testimony of a person who is not a licensed peace officer or a

2

special investigator but who is acting covertly on behalf of a law enforcement agency or under the color of law enforcement unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed.

TEX. CODE CRIM. PROC. ANN. art. 38.141(a) (West 2005).

A trial court must instruct the jury sua sponte on the "law applicable to the case." *Brooks v. State*, 357 S.W.3d 777, 781 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (quoting *Oursbourn v. State*, 259 S.W.3d 159, 180 (Tex. Crim. App. 2008)) (holding that trial court was under duty to instruct jury sua sponte in accordance with Article 38.075 which requires corroboration of testimony of person to whom defendant made statement against defendant's interest during time when person was imprisoned or confined in same correctional facility); *Freeman v. State*, 352 S.W.3d 77, 82–83 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (holding trial judge erred in failing to instruct jury sua sponte that testimony of accomplice was required to be corroborated in accordance with Article 38.14).

Like the testimony of an accomplice, the testimony of a covert State witness is viewed with caution and cannot form the basis for conviction unless corroborated. As stated by the Texas Court of Criminal Appeals,

> [W]here a rule or statute requires an instruction under the particular circumstances, that instruction is "the law applicable to the case." Such statutes and rules set out an implicit "If-then" proposition: If the evidence raises an issue of [voluntariness, accomplice witness, confidential informant, etc.], then the trial court shall instruct the jury that [whatever the statute or rule requires].

*Oursbourn*, 259 S.W.3d at 180. Thus, a failure to sua sponte instruct the jury with respect to Article 38.141, otherwise known as the confidential informant rule, is error. *Simmons v. State*,

3

205 S.W.3d 65, 77 (Tex. App.—Fort Worth 2006, no pet.). The State "concedes that the trial court erred in failing to submit a jury instruction regarding the corroboration."

## II.      Sanchez Was Not Egregiously Harmed by Omission of Instruction

Investigator Kenneth Charlo initiated and recorded a telephone call placed to Sanchez' home located in the 7000 block of Highway 323 in Rusk County. During that telephone call, Baird, acting covertly on behalf of law enforcement officials, arranged to meet Sanchez for the purpose of acquiring marihuana. Following law enforcement instructions "on what to do[,]. . . where to go[,] . . . how to behave[,] . . . and where to return after the deal," Baird exchanged $80.00 for "[c]lose to an ounce" of Sanchez' marihuana. He testified, "I walk over to [Sanchez'] vehicle, open the door to -- I hand him the money, he hands me the bag, and that was the transaction."

The level of harm an appellant must demonstrate as having resulted from the erroneous jury instruction depends on whether the appellant properly objected to the error. *Abdnor*, 871 S.W.2d at 732. Sanchez did not object to the jury charge. When the defendant fails to object to the charge, we will not reverse for jury-charge error unless the record shows "egregious harm" to the defendant. *Ngo*, 175 S.W.3d at 743–44 (citing *Almanza*, 686 S.W.2d at 171); *see also Bluitt v. State*, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004). In determining whether the error caused egregious harm, we must decide whether the error created such harm that the appellant did not have a fair and impartial trial. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008); *Almanza*, 686 S.W.2d at 171; *Boones v. State*, 170 S.W.3d 653, 660 (Tex. App.—Texarkana 2005, no pet.).

4

"Under the 'egregious harm standard,' the omission of a corroborating-evidence instruction may be rendered harmless if other evidence than the testimony of the accomplice witness or informant does exist that fulfills the purpose of the instruction." *Simmons*, 205 S.W.3d at 77 (citing *Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002)). "This is said to be so because the instruction merely informs the jury that it cannot use the testimony of the accomplice or the informant unless it is first determined that other evidence exists connecting the defendant to the offense." *Id.* Once it is determined that such other evidence exists, the purpose of the instruction may have been fulfilled, but this is not always true. *Id.*

"A harm analysis for error in omitting the cautionary instruction on the requirement of corroborating evidence must be 'flexible,' taking into consideration both the existence and the strength of such other evidence." *Id.* (citing *Herron*, 86 S.W.3d at 632). "In determining the strength of corroborating evidence, we are instructed that we must examine (1) its reliability or believability and (2) the strength of its tendency to connect the defendant to the offense." *Id.* "Under the egregious harm standard, the omission of an . . . instruction is generally harmless unless the corroborating [ ] evidence is 'so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive.'" *Herron*, 86 S.W.3d at 632 (quoting *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991)).

Charlo testified that Baird decided to become a confidential informant after he became "tired of the drug race, drug life" and wanted "to make a change in his life." Charlo testified, "How we end up making a buy in this case is we telephoned the defendant. At that time, we confirmed that there was marijuana being sold." An audio recording of the telephone call was

played for the jury. The location of the controlled buy was at a "Valero gas station -- it's called Bunny's -- located on Highway 42 and Highway 64." Charlo gave Baird $80.00 to make the purchase.[1]

A hidden camera was carried by Baird on his keychain during the purchase, and a videotape of the controlled buy was played for the jury. The video showed that Baird exited his vehicle, opened the door to Sanchez'[2] vehicle, greeted him, and handed the money to Sanchez. Although the actual placement of the bag from Sanchez' hand to Baird was not shown due to the swinging of the keychain, the jury was able to see Baird removing a clear plastic bag containing marihuana from Sanchez' vehicle.[3] Charlo testified that Baird returned with marihuana.[4]

We review confidential informant corroboration just as we would review accomplice witness corroboration. *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008); *Brown v. State*, 159 S.W.3d 703, 707 (Tex. App.—Texarkana 2004, pet. ref'd). To corroborate Baird's testimony,

> [a]ll the law requires is that there be some [other] evidence which tends to connect the accused to the commission of the offense. While individually these circumstances might not be sufficient to corroborate the [confidential informant] testimony, taken together, rational jurors could conclude that this evidence sufficiently tended to connect appellant to the offense.

---

[1]Officer Justin Walker testified generally with respect to the controlled buy.

[2]Although Sanchez' face was not shown in the videotape recording, his silhouette is visible.

[3]The State also introduced another videotape recording depicting that Baird had gone to Sanchez' home to purchase $60.00 worth of marihuana in a controlled buy situation. On the video, Baird conversed with Sanchez in his home. After something exchanged hands (the quality of the recording was poor), Baird exited the home and returned to his vehicle where he took a clear camera shot of the bag of marihuana that was just acquired from Sanchez.

[4]Forensic scientist Stephanie Matson testified that laboratory results confirmed the bag contained 11.86 grams of marihuana.

*Cantelon v. State*, 85 S.W.3d 457, 460–61 (Tex. App.—Austin 2002, no pet.) (quoting *Hernandez v. State*, 939 S.W.2d 173, 178–79 (Tex. Crim. App. 1997)). To determine the sufficiency of the corroboration, we eliminate the testimony of the accomplice and ask whether other inculpatory evidence tends to connect the accused to the commission of the offense, even if it does not directly link the accused to the crime. *Id.* at 461 (citing *McDuff v. State*, 939 S.W.2d 607, 612 (Tex. Crim. App. 1997)). We must view the corroborating evidence in the light most favorable to the verdict. *Id.* (citing *Knox v. State*, 934 S.W.2d 678, 686–87 (Tex. Crim. App. 1996); *Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994)).

Baird identified Sanchez as the person he dealt with and ultimately purchased drugs from. The question is whether evidence, other than Baird's testimony, was sufficient to connect Sanchez to the offense. First, law enforcement officials initiated a telephone call to Sanchez' number at his recorded home address for the purpose of allowing Baird to arrange to buy marihuana from Sanchez. The time and place of the transaction was established. At the designated time and place, a videotape recording verifies that Baird purchased marihuana from a man in a vehicle.

Viewing the evidence in the light most favorable to the verdict, we find Baird's testimony is corroborated by other reliable evidence "tending to connect" Sanchez to the offense of delivery of marihuana. Thus, we find that the purpose of the Article 38.141 instruction was fulfilled and conclude that Sanchez was not egregiously harmed by the omission of the Article 38.141 instruction.

## III.    Conclusion

We affirm the trial court's judgment.


                                        Jack Carter
                                        Justice


Date Submitted:    April 15, 2013
Date Decided:      April 24, 2013

Do Not Publish